UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTWAN HENRY and TERRI JENKINS, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:22-cv-02850 |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS, SERIES 2006-5, BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP, CARRINGTON MORTGAGE SERVICES, LLC, MELISSA MCCULLEN, REX KESLER, LEPP CAPITAL, LLC, P.C.F. PROPERTIES IN TX, LLC, P.C.F. PROPERTY MANAGEMENT, LLC, and UNKNOWN OWNERS OF THE EVIDENCE OF DEBT AND/OR OWNERS OF THE NOTE, | § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § § | |

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP'S,
MELISSA MCCULLEN'S and REX KESLER'S
MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Barrett Dafffin Frappier Turner & Engel, LLP ("Barrett Daffin"), Melissa McQuillen ("McQuillen") (incorrectly named as Melissa Mccullen), and Rex Kesler ("Kesler") (collectively "Attorney Defendants"), file this Motion to Dismiss in response to Plaintiffs' Complaint ("Complaint") [Doc. 1] because Plaintiffs' Complaint fails to state a claim against Attorney Defendants, and fails to satisfy the standards set forth by Federal Rules of Civil Procedure 8. In support of the foregoing, Attorney Defendants would respectfully show the Court the following:

# I.
# SUMMARY

1. Barrett Daffin is the law firm that was retained by Defendant Carrington Mortgage Services, LLC ("Carrington") to assist in the foreclosure of certain real property commonly known as 11939 Canyon Valley Drive, Tomball, Texas 77377 (the "Property"). Plaintiffs allege that Mellissa McQuillen and Rex Kesler are "purported employees" of the law firm. [Doc. 1, para. 277-278].

2. Plaintiffs Antwan Henry and Terri Jenkins brought this lawsuit in an effort to set aside foreclosure of the Property. However, no claims have been asserted against Barrett Daffin, or its purported employees, that arise out of any conduct <u>other than</u> the law firm's legal representation of its clients, in protecting the client's interest in the Property. Plaintiffs' Complaint is devoid of any actions taken by Barrett Daffin, or its purported employees, that would subject the law firm, McQuillen, or Kesler to liability for conduct outside of their scope of representation of Carrington in relation to Carrington's efforts at foreclosure of the Property.

3. <u>Attorney Immunity</u>. Plaintiffs have failed to assert any claims against Attorney Defendants other than actions taken by Attorney Defendants in their capacity as legal counsel for Carrington. Given that attorneys (inclusive of their purported employees) are immune from suit by a client's adversary for the legal services provided to the client in the adversarial process, Barrett Daffin, McQuillen, and Kesler assert that Plaintiffs have failed to state any claim upon which relief can be granted against these defendants.

4. <u>Pleadings</u>. Plaintiffs' skeletal complaint, largely copied from clipping from the internet, asserts claims against Attorney Defendants for quiet title, ejectment, trespass, general declaratory relief, and a claim against Defendant Kesler for wrongful foreclosure. Plaintiffs' allegations against Attorney Defendants appear to be solely focused on issues arising from Barrett

Daffin's representation of its client (Carrington Mortgage Services, LLC) with regard to the foreclosure of the Property.

## II.
## ARGUMENT AND AUTHORITIES

**A.** **Dismissal is Proper Under Rule 8 of the Federal Rules of Civil Procedure**

5. First, Plaintiffs' Complaint is subject to dismissal because it fails to satisfy the requirements of Rule 8. Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." *See* Fed. R. Civ. P. 8. Further, Rule 8(d), specifically states that "[e]ach allegation must be simple, concise, and direct." *Id*. To avoid judgment on the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (2007). "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993). It is appropriate to strike a pleading for gross violation of Rule 8, or when material contained in pleading is scandalous, immaterial or redundant. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979). Plaintiffs' Complaint fails to meet the Rule 8 standards.

**B.** **The Applicable Standard for a 12(B)(6) Motion**.

6. To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-

74. Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id.* at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

**C. <u>Even if Plaintiffs' Complaint is Amended – Defendants are Immune from Suit</u>.**

7. Barrett Daffin was retained as legal counsel to assist Carrington with the foreclosure of the Property. Plaintiffs' lawsuit takes issue with Attorney Defendants' conduct on behalf of the mortgage servicer, Carrington. Attorney Defendants are therefore immune from suit because attorneys are immune from suit by their client's adversaries for conduct undertaken in their capacity as attorneys. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016).

8. Based on an overriding public policy, the courts in Texas and the Fifth Circuit have consistently held that an opposing party "does not have a right of recovery, **under any cause of action,** against another attorney arising from the discharge of his duties in representing a party…" *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996) (emp. in the original). Attorneys have an absolute right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas, 1910, writ ref'd). To have any other rule or standard would "act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law, and

availing his client of all rights to which he is entitled." *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.—Houston [1st Dist.] 1994, writ denied).

9. An attorney enjoys "qualified immunity," with respect to non-clients, for actions taken in connection with representing a client in adversarial circumstances. *See, e.g.*, *Butler v. Lilly*, 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd); *See also*, *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (affirming trial court's dismissal of claims against attorney on ground that because of attorney's immunity from suit, plaintiff failed to allege a claim or plead a cause of action for which relief could be granted). The purpose of the attorney-immunity defense is to ensure "'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id.* (quoting *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.–Dallas 2000, pet. denied)). *Rogers v. Walker,* 2017 WL 3298228 (Tex. App. - Beaumont, August 3, 2017).

10. The Texas Supreme Court's opinion in *Cantey Hanger, LLP v. Byrd* confirmed a long line of well-reasoned cases that stand for the proposition that regardless of whether an attorney's work is merit-filled or defective (or performed in litigation or transactional work), if the work constitutes the performance of legal services on behalf of a client then the lawyer is immune liability from third parties in connection with such work.[1] *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d at 483 (Tex. 2015).

---

[1] Also see, *Rawhide Mesa-Partners, Ltd. v. Brown McCarroll, LLP*, 344 S.W.3d 56, 62 (Tex. App.—Eastland 2011, no pet.) (in a business transaction, attorney not ordinarily liable to non-clients because such liability would threaten zealous representation); *Dixon Fin. Servs., Ltd. v. Greenberg, Peden, Siegmyer & Oshman, P.C.,* 2008 WL 746548, *9–11 (Tex. App.--Houston [1st Dist.] Mar. 20, 2008, pet. denied) (mem. op.) (applying attorney immunity to actions both prior to and during litigation); *Reagan Nat'l Adver. of Austin, Inc. v. Hazen,* 2008 WL 2938823, at *2 (Tex. App.--Austin July 29, 2008, no pet.) (mem. op.) (noting that attorney immunity is not limited to litigation conduct); *See also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 794 (Tex. 1999)(explaining that the concept of adversity is not limited to litigation because "[t]he same policy considerations apply to business and commercial transactions.").

11. The Fifth Circuit has repeatedly echoed the Texas Supreme Court's holding in *Cantey Hanger* as reflected by the Fifth Circuit's repeated affirmance of 12(b)(6) dismissals of counsel from cases similar to this matter.[2] The Fifth Circuit more closely examined the Supreme Court of Texas' opinion in *Cantey Hanger,* in *Troice v. Proskauer Rose.* In *Troice* the Fifth Circuit focused on the concept that the conduct being complained of was, "[T]he kind of conduct in which an attorney engages when discharging his duties to his client." *Troice v. Proskauer Rose, LLP,* 816 F.3d 341, 346 (5th Cir. 2016). The Fifth Circuit went on to provide, "The immunity focuses on the type of conduct, not on whether the conduct was meritorious in the context of the underlying lawsuit." *Id.* at 349 (quoting *Alpert v. Crain, Caton & James, PC*, 178 S.W.3d 398 (Tex. App. – Houston, [1st Dist. 2005, pet. denied). In addressing the allegation that liability should flow from legal work performed without merit, the Fifth Circuit held "That some of it [the work] was allegedly wrongful, or that [the lawyer] allegedly carried out some of his responsibilities in a fraudulent manner, is of no matter." *Id.* at 348 (emp. added)(relying on the Texas Supreme Court in *Cantey Hanger, LLP v. Byrd,* 467 S.W.3d 477 (Tex. 2015).

12. In its analysis, the Fifth Circuit focused on whether the conduct complained of was legal in nature. If the work performed by an attorney is legal in nature then the attorney who performed the work is immune from suit by third parties as a result of the work.

> The policies underlying the attorney immunity doctrine, as the Texas Supreme Court has explained, suggest that attorney immunity should be an immunity from suit. *Cf. Sorey,* 849 F.2d at 963. The doctrine "stem[s] from the broad declaration ... that 'attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'" *Cantey Hanger,* 467 S.W.3d at 481 (quoting *Kruegel v.*

---

[2] *Johnson v. Ashmore*, 681 Fed. Appx. 345 (5th Cir. 2017)(finding attorney immunity applies to actions of attorney in representing her client in non-litigation context); *Rojas v. Wells Fargo Bank, N.A.,* 571 Fed. Appx. 274 (5th Cir. 2014)(Barrett Daffin Frappier Turner & Engel, L.L.P. was dismissed as improperly joined because attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client); *L'Amoreaux v. Wells Fargo Bank, N.A.*, 755 F.3d 748 (5th Cir. 2014); *Iqbal v. Bank of America, N.A.*, 559 Fed. Appx. 363 (5th Cir. 2014).

*Murphy,* 126 S.W. 343, 345 (Tex. App. –Dallas 1910, writ ref'd)). In other words, the doctrine is "intended to ensure 'loyal, faithful, and aggressive representation by attorneys employed as advocates.'" *Id.* (quoting *Mitchell v. Chapman,* 10 S.W.3d 810, 812 (Tex. App.–Dallas 2000, pet. denied)). Attorney immunity is necessary "to avoid the inevitable conflict that would arise if [an attorney] were 'forced constantly to balance his own potential exposure against his client's best interest.'" *Id.* at 483 (quoting *Alpert v. Crain, Caton & James, PC,* 178 S.W.3d 398, 405 (Tex. App.–Houston [1st Dist.] 2005, pet. denied)).

*Troice v. Proskauer Rose, LLP,* 816 F.3d at 346.

13. In simplest terms, attorneys have a right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *See Kruegel v. Murphy*, 126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd). To have any other rule or standard would "act as a severe and crippling deterrent to the ends of justice for the reason that a litigant might be denied a full development of his case if his attorney were subject to the threat of liability for defending his client's position to the best and fullest extent allowed by law, and availing his client of all rights to which he is entitled." *Bradt*, 892 S.W.2d at 71. As illustrated above, Texas has a strong public policy of protecting attorneys against the claims of third parties in an effort to facilitate zealous legal representation.

14. Barrett Daffin's, McQuillen's, and Kesler's work in connection with Carrington's foreclosure of the deed of trust against the Property does not expose Barrett Daffin, McQuillen, or Kesler to liability asserted by third parties such as Plaintiffs. As such, Plaintiffs have failed to assert any cause of action against Attorney Defendants upon which Plaintiffs could conceptually obtain relief.

### III.
### DISMISSAL WITH PREJUDICE

15. The Court should deny Plaintiffs an opportunity to amend because any amendment to their pleadings would be futile as to Barrett Daffin, McQuillen, and Kesler. *See SB. Intern., v.*

*Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Attorney Defendants' Motion to Dismiss should be granted because the Plaintiffs have failed to state a claim against Barrett Daffin, McQuillen, or Kesler upon which relief can be granted. Further, even if allowed the opportunity to amend, Plaintiffs cannot assert a viable claim against Attorney Defendants due to attorney immunity. As such, Plaintiff's claims against Attorney Defendants should be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.
## PRAYER

Pursuant the reasons set out herein, Barrett Daffin, McQuillen, and Kesler respectfully requests that the Court dismiss Plaintiffs' Complaint against them for failure to state a claim upon which relief can be granted and further requests that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HOPKINS LAW, PLLC**

By: /s/ *Mark D. Hopkins*
Mark D. Hopkins – *Attorney in Charge*
SD ID No. 20322
State Bar No. 00793975
Shelley L. Hopkins
SD ID No. 92646
State Bar No. 24036497
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
mark@hopkinslawtexas.com
shelley@hopkinslawtexas.com

**COUNSEL FOR ATTORNEY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA CM/RRR # 7021 1970 0000 4526 7382***
***AND REGULAR MAIL*:**
Antwan Henry
11939 Canyon Valley Dr.
Tomball, Texas 77377
**PRO SE PLAINTIFF**

***VIA CM/RRR # 7021 1970 0000 4526 7399***
***AND REGULAR MAIL*:**
Terri Jenkins
11939 Canyon Valley Dr.
Tomball, Texas 77377
**PRO SE PLAINTIFF**

***VIA ECF*:**
George G. Robertson
David D. Hornbeak
Holland & Knight, LLP
811 Main Street, Suite 2500
Houston, Texas 77002
george.roberts@hklaw.com
david.hornbeak@hklaw.com
**ATTORNEYS FOR DEFENDANTS**
**CARRINGTON AND BANK OF NEW YORK MELLON**

*/s/ Mark D. Hopkins*
Mark D. Hopkins