# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ANTWAN HENRY and** | § | |
| **TERRI JENKINS,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-cv-02850** |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **FKA THE BANK OF NEW YORK, AS** | § | |
| **TRUSTEE FOR THE** | § | |
| **CERTIFICATEHOLDERS, SERIES 2006-5,** | § | |
| **BARRETT DAFFIN FRAPPIER TURNER &** | § | |
| **ENGEL, LLP, CARRINGTON MORTGAGE** | § | |
| **SERVICES, LLC, MELISSA MCCULLEN,** | § | |
| **REX KESLER, LEPP CAPITAL, LLC,** | § | |
| **P.C.F. PROPERTIES IN TX, LLC,** | § | |
| **P.C.F. PROPERTY MANAGEMENT, LLC, &** | § | |
| **UNKNOWN OWNERS OF THE EVIDENCE** | § | |
| **OF DEBT AND/OR OWNERS OF THE NOTE,** | § | |

## LEPP CAPITAL, LLC, P.C.F. PROPERTIES IN TX, LLC, AND P.C.F. PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants LEPP CAPITAL, LLC ("LEPP"), P.C.F. PROPERTIES IN TX, LLC ("PCF"), and P.C.F. PROPERTY MANAGEMENT, LLC ("PCF MANAGEMENT")(collectively referred to as "Defendants"), file this Motion to Dismiss in response to Plaintiffs' Complaint ("Complaint") [Doc. 1] because Plaintiffs' Complaint fails to state a claim against these Defendants, and fails to satisfy the standards set forth by Federal Rules of Civil Procedure 8. In support of the foregoing, Defendants would respectfully show the Court the following:

## I. **SUMMARY OF CASE**.

1.      Plaintiffs Antwan Henry and Terri Jenkins brought this lawsuit seeking to set aside a non-judicial foreclosure of the real property located at 11939 Canyon Valley Dr., Tomball, TX 77377, held on August 2, 2022, pursuant to a deed of trust dated June 27, 2005 and filed in the Official Real Property Records of Harris County, Texas under Clerk's File No. Y586796.  LEPP was the successful purchase of the subject property at the foreclosure pursuant to the Substitute Trustee Deed dated August 12, 2022, and filed of record under Clerk's File No. 2022-522554, in the Official Real Property Records of Harris County, Texas.  However, no specific claims have been asserted against Defendants that arise out of any conduct other than employees of the Defendants inquiring when Plaintiffs would move from the property purchased at the foreclosure sale.  Plaintiffs' Complaint is devoid of any actions taken by Defendants, or its purported employees, that would subject them to liability for conduct Defendants engaged in to obtain possession of the Property.

2.      *Pleadings*. Plaintiffs' skeletal complaint, largely copied from clipping from the internet, asserts general claims against Defendants for quiet title, ejectment, trespass, general declaratory relief, and a claim against Defendant Kesler for wrongful foreclosure. Plaintiffs' allegations against Defendants appear to be solely focused on issues arising from Defendants' employees' seeking to obtain possession of the Property.  The allegations do not give rise to a viable cause of action against Defendants.

3.      On September 2, 2022, Defendants Barrett Dafffin Frappier Turner & Engel, LLP ("Barrett Daffin"), Melissa McQuillen ("McQuillen") (incorrectly named as Melissa Mccullen), and Rex Kesler ("Kesler") (collectively "Attorney Defendants") filed their Motion to Dismiss. See, Doc. No.5.  Defendants join in that Motion.

## II.  ARGUMENT AND AUTHORITIES

### A. Dismissal is Proper Under Rule 8 of the Federal Rules of Civil Procedure

4.      First, Plaintiffs' Complaint is subject to dismissal because it fails to satisfy the requirements of Rule 8. Under Rule 8(a)(2), a complaint must set forth "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." *See* Fed. R. Civ. P. 8. Further, Rule 8(d), specifically states that "[e]ach allegation must be simple, concise, and direct." *Id*. To avoid judgment on the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (2007). "[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike." *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004). A district court has the power to dismiss a complaint when a plaintiff fails to comply with Rule 8's "short and plain statement" requirement. *See Kuehl v. Fed. Deposit Ins. Corp.*, 8 F.3d 905, 908 (1st Cir. 1993). It is appropriate to strike a pleading for gross violation of Rule 8, or when material contained in pleading is scandalous, immaterial or redundant. *See Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 696 n.2 (8th Cir. 1979). Plaintiffs' Complaint fails to meet the Rule 8 standards.

5.      Plaintiffs' Complaint contains over 328 individual paragraphs, attempting to set for the claims and causes of action against Defendants.  However, the Complaint does not assert any allegations against Defendants until Paragraphs 275 and 276, in which Plaintiffs contend that Defendants and/or their employees knocked on the door and asked Plaintiffs when the planned to move.  See, Doc. 1, pp. 27 and 28.  Moreover, there are no specific claims against Defendants that would give rise to a viable cause of action for recovery.  Therefore, the Complaint does not comply with Rule 8 and should be dismissed.

**B. The Applicable Standard for a 12(B)(6) Motion**.

6.      In the alternative, the Complaint should be dismissed because the Complaint fails to state a claim upon which relief can be granted.  See, Fed. R. Civ. P. 12(b)(6).

7.      Federal courts are courts of limited jurisdiction ; without jurisdiction conferred by statute, they lack power to adjudicate claims.  See, *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 668 F.3d 281, 286 *(5th Cir. 2012).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.  *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

8.      To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." B*ell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007). Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

9.      The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *S. Christian Leadership Conference v. Supreme*

*Court of the State of Louisiana*, 252 F.3d 781, 786 (5ᵗʰ Cir. 2001)(citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5ᵗʰ Cir. 1993)). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertions devoid of further factual enhancement" are not sufficient.  *Iqbal*, 556 U.S. at 663.

9.     Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

10.     When considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

11.     Here, Plaintiffs have not plead any facts to state a cause of action against Defendants.  The vast majority of the allegations in the Complaint seem to address matters that occurred long before Defendants purchased the property at foreclosure, and the allegations allegedly giving rise to a wrongful foreclosure sale conducted under state law are insufficient to state a claim against the Defendants.  The only allegations against Defendants appear in Paragraphs

275 and 276 of the Complaint and do not have any factual basis that would form a basis of recovery.  Therefore, under Rule 12(b)(6), the Complaint should be dismissed.

### III.     DISMISSAL WITH PREJUDICE

12.     Amending the Complaint would not cure the pleading deficiencies in this case.  The Federal Rules of Civil Procedure do not contemplate the pleading of all relevant facts in intimate detail. *See Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir.1959) ("In view of the great liberality of Fed. R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss."); *see also Leatherman,* 507 U.S. at 167, 113 S. Ct. at 1163 (rejecting a heightened pleading standard for § 1983 claims against municipalities). "Consequently, a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." *Frazier v. Southeastern Pennsylvania Transp. Auth.,* 868 F. Supp. 757, 763 (E.D.Pa.1994).

13.     The Court should deny Plaintiffs an opportunity to amend because any amendment to their pleadings would be futile as to Defendants. *See SB. Intern., v. Jindal,* 2007 WL 2410007, * at 3 (N.D. Tex. Aug. 23, 2007)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abruzzo v. PNC Bank, N.A.,* 2012 WL 3200871, at *3 (N.D. Tex. July 30, 2012) (denying leave to amend with respect to claims that fail as a matter of law). Defendants' Motion to Dismiss should be granted because the Plaintiffs have failed to state a claim against Defendants upon which relief can be granted. Further, even if allowed the opportunity to amend, Plaintiffs cannot assert a viable claim against Defendants. As such, Plaintiff's claims against Defendants should be dismissed with prejudice pursuant to Rule 12(b)(6).

## IV.  PRAYER

Pursuant the reasons set out herein, Defendants LEPP CAPITAL, LLC ("LEPP"), P.C.F. PROPERTIES IN TX, LLC ("PCF"), and P.C.F. PROPERTY MANAGEMENT, LLC respectfully request that the Court dismiss Plaintiffs' Complaint against them for failure to state a claim upon which relief can be granted and further requests that the Court grant it any and all additional relief, whether at law or in equity, to which it may be justly entitled.

Respectfully submitted,

BARRY & SEWART. PLLC

 */s/ John V. Burger*
David W. Barry, SBN: 01835200
Anna C. Sewart, SBN: 24029832
Austin R. DuBois, SBN: 24065170
John V. Burger, SBN: 03378650
C. Jeffrey Leung, SBN: 24115829

BARRY & SEWART, PLLC
4151 Southwest Freeway, Suite 680
Houston, Texas 77027
Tel.  (713) 722-0281
Fax. (713) 722-9786

Email:    evictions@barryandsewart.com
              john@barryandsewart.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Antwan Henry – Pro Se Plaintiff - *VIA CM/RRR AND REGULAR MAIL*
11939 Canyon Valley Dr.
Tomball, Texas 77377

Terri Jenkins – Pro Se Plaintiff - *VIA CM/RRR AND REGULAR MAIL*:
11939 Canyon Valley Dr.
Tomball, Texas 77377

*VIA ECF*:

George G. Robertson
David D. Hornbeak
Holland & Knight, LLP
811 Main Street, Suite 2500
Houston, Texas 77002

    Email: george.roberts@hklaw.com
    Email: david.hornbeak@hklaw.com

**ATTORNEYS FOR DEFENDANTS**
**CARRINGTON AND BANK OF NEW YORK MELLON**

Mark D. Hopkins
Shelley L. Hopkins
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320

    Email: mark@hopkinslawtexas.com
    Email: shelley@hopkinslawtexas.com

**COUNSEL FOR ATTORNEY DEFENDANTS**

        __*/s/ John V Burger* _____
        John V. Burger